FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAY - 5 2014

D. MARK JONES, CLERK

BY________________
DEPUTY CLERK

DAVID B. BARLOW, United States Attorney (#13117)
PAUL KOHLER, Assistant United States Attorney (#8224)
Attorneys for the United States of America
20 North Main Street, #208
St. George, UT 84770

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVEN JONES,<br><br>Defendant. | Case No. 2:14-cr-00063-TS<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT<br><br>Judge Robert T. Braithwaite |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States, I intend to plead guilty to Counts I and II of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements of Count I, Felon in Possession of Firearms and Ammunition, are:

- Defendant knowingly possessed a firearm or ammunition;
- Defendant was convicted of a felony before he possessed the firearm or ammunition; and
- Before defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

The elements of Count II, Possession of Methamphetamine with Intent to Distribute, are:

- Defendant knowingly or intentionally possessed a controlled substance as charged;
- The substance was in fact methamphetamine; and
- Defendant possessed the substance with intent to distribute it.

2. I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of up to 10 years, a fine of $250,000, a term of supervised release of up to 36 months, and any applicable forfeiture. I also know that the maximum possible penalty provided by law for Count II of the Indictment, a violation of 21 U.S.C. § 841(a)(1), is a term of imprisonment of up to 20 years, a fine of $1,000,000, a term of supervised release of up to 36 months, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3)

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses may be ordered pursuant to 18 U.S.C. §§ 3663, 3663A, 2259.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a. I have a right to the assistance of counsel at every stage of the proceeding.

b. I have a right to see and observe the witnesses who testify against me.

c. My attorney can cross-examine all witnesses who testify against me.

d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On or about December 11, 2013, in the Central Division of the District of Utah, I knowingly possessed five firearms and ammunition. Before December 11, 2013 I had been convicted of a felony. And, before December 11, 2013, the firearms and ammunition I possessed moved from one state to another. My conduct violates 18 U.S.C. § 922(g)(1).
>
> On or about December 11, 2013, in the Central Division of the District of Utah, I knowingly and intentionally possessed methamphetamine with intent to distribute it. My conduct violates 21 U.S.C. § 841(a)(1).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Counts I and II of the Indictment.

b. **Acceptance of Responsibility**. The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

c. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any

collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

d. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

f. **Restitution.** I understand that the government will request and that the Court may order that I pay restitution.

g. **Forfeiture.**

(1) I agree to forfeit all property acquired from or traceable to my offenses and all property that was used to facilitate my offenses, including, but not limited to, the firearms and ammunition listed in the Indictment. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

13. I understand that I have a right to ask the Court any questions I wish to ask concerning ~~my rights~~ my rights about these proceedings and the plea.

RTD

* * * *

I make the following representations to the Court:

1. I am 53 years of age. My education consists of 12th. I ____________ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 5th day of May, 2014.

Keven Jones
KEVEN JONES
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 5th day of May, 2014.

RYAN STOUT
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 02 day of MAY, 2014.

DAVID B. BARLOW
United States Attorney

PAUL KOHLER
Assistant United States Attorney